IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID STEPTOE, EBONY MOORE,
and BRITTANY PRIDGEON,

                Plaintiff,                OPINION and ORDER

    v.

                                                        24-cv-578-jdp

MICHAEL THORPY,

                Defendant.

---

    Plaintiff David Steptoe, proceeding without counsel, is an inmate at the Rock County Jail. Steptoe brings this lawsuit, alleging that his criminal defense attorney provided him with woefully ineffective assistance of counsel, cheating him of the large sum of money he paid counsel. Steptoe also names Ebony Moore and Brittany Pridgeon as plaintiffs, but he is the only plaintiff who signed the complaint, he cannot represent the other plaintiffs, and his allegations appear to pertain only to him. I will dismiss the other plaintiffs.

    Steptoe has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), as previously directed by the court. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept Steptoe's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    But even applying these standards, Steptoe's allegations do not support a claim that this court can hear. Steptoe cannot bring a federal claim under 42 U.S.C. § 1983 against his

defense counsel because defense attorneys are not "state actors" for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Swaggerty v. Trevarthen*, 715 F. App'x 556, 558 (7th Cir. 2018). What Steptoe really seems to be bringing is a legal malpractice claim against his lawyer, but there are two problems with this claim.

First, legal malpractice is a Wisconsin-law claim that he cannot bring in this federal court unless he were to show that the requirements for the court's diversity jurisdiction are met: that he and defendant are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Steptoe does not assert the parties' citizenships; he states only that they both reside in Wisconsin. But "[c]itizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence," so Steptoe cannot establish their citizenship for diversity purposes by stating where they reside. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). To allege their citizenship, Steptoe must say what state that he is domiciled in and what state defendant is domiciled in; that is, in what state they intend to remain long-term. If Steptoe and defendant are both citizens of Wisconsin, Steptoe cannot bring this case in federal court.

Second, even if the requirements for diversity jurisdiction were met, Steptoe has not properly pleaded a legal malpractice claim. Under Wisconsin law, he cannot recover for a malpractice claim unless he proves that he was actually innocent of the charges of which he was convicted. *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 18, 300 Wis. 2d 510, 730 N.W.2d 173. Steptoe does not plead that he is actually innocent.

I will give Steptoe an opportunity to amend the complaint to fix these pleading problems. If he fails to do so by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiffs Ebony Moore and Brittany Pridgeon are DISMISSED.

2. Plaintiff David Steptoe may have until December 13, 2024, to submit an amended complaint fixing the problems discussed above.

Entered November 21, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge