IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID STEPTOE,

Plaintiff,

v.

MICHAEL F. TORPHY,

Defendant.

ORDER

24-cv-578-jdp

---

Plaintiff David Steptoe, proceeding without counsel, is an inmate at Kettle Moraine Correctional Institution. Steptoe alleges that his criminal defense attorney, Michael F. Torphy, provided him with ineffective assistance of counsel, cheating him of the large sum of money that he paid Torphy. Steptoe proceeds on a Wisconsin-law legal malpractice claim. This order concerns defendant Torphy's motion to dismiss for lack of diversity jurisdiction.

I previously gave Steptoe multiple chances to properly assert the basis for diversity jurisdiction, eventually concluding that Steptoe had done so by explaining his ties to his childhood home in Michigan. *See* Dkt. 31. Torphy now moves to dismiss the case by presenting evidence that challenges Steptoe's asserted citizenship and the amount in controversy. Dkt. 38, at 1. I conclude that Steptoe has met the amount-in-controversy requirement but not the diversity-of-citizenship requirement. I will give Steptoe a final chance to prove his citizenship.

ANALYSIS

In considering Torphy's motion to dismiss, I may look beyond the jurisdictional allegations of the complaint and view the evidence submitted on diversity jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). The proponent of

federal jurisdiction, here Steptoe, must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## A. Amount in controversy

I'll begin with Torphy's contention that Steptoe has failed to allege an amount in controversy exceeding $75,000. To meet his burden, Steptoe must do more than "point to the theoretical availability of certain categories of damages." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). But uncertainty about whether Steptoe can prove his substantive claim or whether he'd win enough damages upon receiving a verdict in his favor damages is not a reason to dismiss the case. *Meridian*, 441 F.3d at 543. I may dismiss on this ground only if it is "legally certain" that Steptoe can't meet the $75,000 requirement. *Id.*

A plaintiff bringing a Wisconsin-law legal malpractice claim may recover compensatory damages—including damages for emotional distress—and punitive damages. *See Berner Cheese Corp. v. Krug*, 2008 WI 95, ¶ 61, 312 Wis. 2d 251, 752 N.W.2d 800; *Hicks v. Nunnery*, 2002 WI App 87, ¶ 25, 253 Wis. 2d 721, 643 N.W.2d 809. Steptoe's complaint focuses on the economic harm done to him and his family, seeking return of around $30,000 that he and his family paid to Torphy. Steptoe's various filings are inconsistent regarding exactly how much of this amount he paid himself versus members of his family (who aren't plaintiffs and thus can't win relief in this case), but regardless the size of Steptoe's share, this amount alone isn't enough to meet the threshold.

Torphy notes that Steptoe also asserts that he has suffered "a great deal of harm of mental stress." *See* Dkt. 13, at 2–3. Torphy argues that Steptoe hasn't supported this assertion with competent proof. But the possibility that Steptoe has suffered enough emotional harm to meet the remainder of the $75,000 threshold is apparent. He alleges that he is actually innocent

of his charges and that Steptoe's malpractice contributed to his sentence. That suggests that Steptoe has suffered severe emotional harm. *Cf. La Fleur by Blackey v. Mosher*, 109 Wis. 2d 112, 120, 325 N.W.2d 314, 318 (1982) ("It is the very nature of confinement that creates the likelihood of emotional injury. Emotional harm, in the appropriate circumstances, is a reasonably foreseeable consequence of negligent confinement."). And that's before discussing the availability of punitive damages. I will deny Torphy's motion to dismiss on this issue.

## B.  Diversity of citizenship

Torphy contends that Steptoe has failed to prove that the parties are citizens of different states. Torphy argues that both Steptoe and Torphy are citizens of Wisconsin, and there is no diversity.

There is no dispute that Torphy is a citizen of Wisconsin, so I will focus the analysis on Steptoe's citizenship. Steptoe is a Wisconsin prisoner, but that doesn't make him a Wisconsin citizen. Citizenship, for diversity jurisdiction, is the same as domicile, but not necessarily the same as residency. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). One can be a resident of multiple states, but only a citizen of one state. *Strabala v. Zhang,* 318 F.R.D. 81, 97 (N.D. Ill. 2016). And because citizenship is a voluntary status, a prisoner is presumed to retain the citizenship that he had before he was imprisoned. *Denlinger*, 87 F.3d at 216. To determine a party's domicile, there is a two-part test: (1) the party has a physical presence in the state in which they intend to establish domicile, and (2) the party must show by some objective facts that they intend to maintain that residency indefinitely. *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir. 1993). To determine one's intent to remain indefinitely, courts examine a variety of factors: a party's current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, bank statements,

location of family members, social involvement, and payment of taxes, with no single factor being dispositive. *See Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980); *Eberle v. Overdrive, Inc.*, No. 19-cv-466-jdp, 2019 WL 4727777, at *3 (W.D. Wis. Sept. 27, 2019); 13E *Wright, Miller & Cooper*, Federal Prac. & Proc., § 3612. I will look at Steptoe's domicile before his incarceration to determine if there is citizenship diversity because incarceration does not change a person's domicile by default, and neither side argues that Steptoe is a Wisconsin citizen because of his incarceration.

After the court prompted him to amend his complaint to meet the diversity-of-citizenship requirement, Steptoe alleged that he is a citizen of Michigan. Torphy argues that Steptoe is a citizen of Wisconsin based on public court records from 2012 to 2024 listing Steptoe with Wisconsin addresses. For instance, the criminal complaint for the case in which Steptoe alleges that Torphy committed malpractice lists Steptoe's address in Beloit, Wisconsin.

Steptoe denies ever owning or renting a home in Wisconsin. He now presents two alternative theories of his domicile. He states that he was born and raised in Benton Harbor, Michigan and that he lived in Michigan at the time that he was arrested in the underlying criminal case. He also states that he is a citizen of Illinois, with a home in Illinois. He submits additional filings in which he states that he has attempted to obtain documentation proving his residence in Illinois from the Treasury Department or the United States Postal Service. He asks for an extension of time to obtain this evidence, Dkt. 58, and he asks for the court's help in obtaining this documentation, Dkt. 61.

Because Steptoe now seems to be focusing on obtaining documentation of his Illinois citizenship, it is unclear whether this means that he has abandoned his attempt at proving Michigan citizenship. Either way, none of the submissions that Steptoe has made thus far are

sworn under oath, and he doesn't submit any other evidence supporting his assertions. I will grant Steptoe's motion for extension of time and give him a final chance to submit evidence supporting his assertions. One way to do this is by submitting a declaration under 28 U.S.C. § 1746 (a written statement by plaintiff stating under penalty of perjury that he is telling the truth) explaining where he lived in the years leading up to his current arrest and why the Wisconsin addresses in his criminal case don't show that he was a citizen of Wisconsin. He may also submit documents showing his citizenship, such as a mortgage, a lease, tax documents, utility bills, a driver's license, employment records, bank statements, a voter ID, or any other evidence that would clearly corroborate his alleged citizenship in Michigan or Illinois. This court cannot help him obtain this evidence, so I will deny his motion for the court's assistance.

Steptoe also moves for the court's assistance in recruiting him counsel because of limited law library time. But that is an impediment common to prisoners representing themselves, and otherwise there isn't any reason to think that Steptoe needs the assistance of counsel to perform the task he currently faces: obtaining and submitting evidence showing his citizenship.

ORDER

IT IS ORDERED that:

1.  Defendant's motion to dismiss, Dkt. 38, is DENIED in part.

2.  Plaintiff's motion for an extension of time to submit evidence opposing defendant's motion to dismiss, Dkt. 58, is GRANTED.

3.  Plaintiff may have until August 11, 2026, to submit materials supporting his opposition to defendant's motion to dismiss.

4.  Plaintiff's motion for the court's assistance in obtaining evidence, Dkt. 61, is DENIED.

5. Plaintiff's motion for recruitment of counsel, Dkt. 60, is DENIED without prejudice.

Entered July 21, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge