IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID STEPTOE,

Plaintiff,

v.

MICHAEL F. TORPHY,

Defendant.

ORDER

24-cv-578-jdp

---

Plaintiff David Steptoe, proceeding without counsel, is an inmate at Kettle Moraine Correctional Institution. Steptoe alleges that his criminal defense attorney, Michael F. Torphy, provided him with ineffective assistance of counsel, cheating him of the large sum of money that he paid Torphy. Steptoe proceeds on a Wisconsin-law legal malpractice claim. Torphy has filed a motion to dismiss for lack of diversity jurisdiction and a motion for summary judgment. I conclude that Steptoe fails to establish that he is a citizen of another state, so I will dismiss this case for lack of subject matter jurisdiction.

## ANALYSIS

This case concerns Torphy's representation of Steptoe in state-court criminal cases in which Steptoe was charged with dealing drugs, bail jumping, and reckless homicide after a person he sold drugs to died of an overdose. Rock County Case Nos. 2021CF1004, 2021CF1014, 2022CF700, and 2023CF65.

I previously gave Steptoe multiple chances to properly allege the basis for diversity jurisdiction in his complaint, eventually concluding that Steptoe had done so by explaining his ties to his childhood home in Michigan. *See* Dkt. 31. In a motion to dismiss, Torphy challenges

Steptoe's asserted citizenship and the amount in controversy. Dkt. 38. I have already rejected Torphy's amount-in-controversy argument. Dkt. 77.

As for the citizenship of the parties, it is undisputed that Torphy is a Wisconsin citizen. Torphy argues that Steptoe is also a Wisconsin citizen, stating that Wisconsin court records for the time around his arrest and incarceration (and one record dating as far back as 2012) listed Steptoe's address as being in Beloit or Janesville. It's undisputed that for some of the relevant time, Steptoe lived with his fiancée (now wife) in Wisconsin.

Citizenship, for diversity jurisdiction, is the same as domicile, but not necessarily the same as residency. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). A person may have several residences, but only one domicile. *Id.* Intent to remain in a place over the long run "is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (citations and internal quotation marks omitted).

In response to Torphy's challenge, Steptoe denied ever owning or renting a home in Wisconsin. He presented two alternative theories of his domicile; (1) that that he was born and raised in Benton Harbor, Michigan and that he lived in Michigan at the time that he was arrested in the underlying criminal case; and (2) that he is a citizen of Illinois, with a home in Illinois. But his account wasn't sworn under penalty of perjury or supported by any other evidence. I granted Steptoe's motion for an extension of time to submit supporting evidence and I gave him a final deadline to submit that evidence. Dkt. 77.

Steptoe has now submitted a declaration, Dkt. 79, in which he states that he grew up in Michigan and resided at various locations in Michigan, Wisconsin, and Illinois over the past

several years, that he has never changed his domicile from Michigan, and that he was at his "home" address in Benton Harbor, Michigan only days before being arrested. He submits an unsworn declaration from his cousin who lives at that Michigan address but he otherwise provides almost no explanation of when he lived at each of his various addresses. And even after being prompted by this court, Steptoe doesn't support his assertions with documentation such as a mortgage or lease, tax documents, utility bills, a driver's license, employment records, bank statements, or voter ID. *See Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980); *Eberle v. Overdrive, Inc.*, No. 19-cv-466-jdp, 2019 WL 4727777, at *3 (W.D. Wis. Sept. 27, 2019); 13E Wright, Miller & Cooper, Federal Prac. & Proc., § 3612. Steptoe has submitted a credit report listing a large number of addresses in Wisconsin, Illinois, and Michigan, without any context about when or how he was associated with those addresses. It also includes an auto loan taken out in Michigan in 2015, several years before the arrest that spurred his prosecution.

Once Torphy produced evidence calling into question Steptoe's citizenship, Steptoe was faced with the burden of "prov[ing] those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Steptoe hasn't done so here. The main evidence of Steptoe's "manifested conduct" regarding his domicile is the Wisconsin court records showing his Janesville and Beloit addresses over a period of a few years. Steptoe now says that those weren't his real addresses but he doesn't explain why he never raised the issue to the state court, not does he or otherwise meaningfully document his true domicile being elsewhere. In particular, the mere assertion that he intends for Michigan to be his domicile isn't enough, because "statements of intent are entitled to little weight when in conflict with the facts." *Sadat*, 615 F.2d at 1181. I've given Steptoe numerous opportunities to provide evidence showing his citizenship in another state and he has failed to do so. Because

he fails to show that this court may exercise diversity jurisdiction over his legal malpractice claim, I will grant Torphy's motion to dismiss. This case belongs in state court.

One final point. Should Steptoe choose to refile this case in state court, he faces an uphill battle with his legal malpractice claim. Regardless the standalone merits of such a claim, under Wisconsin law, he cannot recover for a malpractice claim unless he proves that he was actually innocent of the charges of which he was convicted. *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 18, 300 Wis. 2d 510, 730 N.W.2d 173. Despite Torphy filing a motion for summary judgment including argument on that point, Steptoe's submissions come nowhere close to suggesting that he is actually innocent of any of the charges of which he was convicted.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 38, is GRANTED. This case is DISMISSED for lack of subject matter jurisdiction.

2. The parties' remaining motions are DENIED as moot.

3. The clerk of court is directed to enter judgment accordingly and close the case.

Entered November 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge